UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO LIZARRAGA, | Case No.: 1:23-cv-00888-JLT-SKO (HC) |
| Petitioner, | ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE SECOND AMENDED PETITION |
| v. | |
| | [THIRTY-DAY DEADLINE] |
| LEANNE LUNDY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a federal habeas petition in this Court on May 30, 2023. (Doc. 1.) The Court conducted a preliminary screening of the petition and determined that Petitioner failed to name a proper respondent, failed to present any cognizable grounds for relief, and failed to exhaust state remedies. (Doc. 6.) Petitioner was granted leave to file a First Amended Petition to cure these deficiencies. On June 29, 2023, Petitioner filed a First Amended Petition. (Doc. 9.) Review of the petition reveals that Petitioner again fails to present cognizable grounds for relief. Therefore, the Court will dismiss the First Amended Petition with leave to file a Second Amended Petition.

I.      **PROCEDURAL HISTORY**

In October of 2015, Petitioner was convicted in the Kern County Superior Court of attempted murder with great bodily injury and assault with a deadly weapon. See People v. Lizarraga, Case No.

1

F072572 (Cal. Ct. App. 2018).[1] Petitioner states he appealed to the California Court of Appeal and sought review in the California Supreme Court.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The Court takes judicial notice of the state court dockets pertaining to Petitioner's conviction. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

   (1)   Specify all the grounds for relief available to the petitioner;
   (2)   State the facts supporting each ground;
   (3)   State the relief requested;
   (4)   Be printed, typewritten, or legibly handwritten; and
   (5)   Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is deficient. Petitioner specifies four grounds for relief: 1) Insufficient assistance of counsel; 2) Illegal constitutional evidence gained in search and seizure; 3) Prosecution obtained by a biased officer; and 4) Prosecutorial misconduct. Although Petitioner has specified his grounds for relief, the claims are entirely conclusory. He claims his counsel provided insufficient assistance, but he fails to set forth any reasons in support of his claim. He does not state how counsel was ineffective, or how he was prejudiced from counsel's actions or inactions. He claims certain evidence was illegally gained through search and seizure. He does not state what evidence was illegal, why it was illegal, how it was illegally obtained, and how he was prejudiced. He claims an officer was biased in his case, but he fails to show how this had any impact on his trial. Finally, he claims the prosecutor committed misconduct, but he again fails to demonstrate how the misconduct was committed. The claim does not make sense. Petitioner alleges that "the pergatory [sic] evidence prescribed by Officer Long in Los Angeles County Hospital was never confirmed in court by uncomplying sud [sic] non prosecuting victim 'Armando Carrera' who never once vocally nor verbally stated any name as to belief of suspect but morbidly answered 'yes' and 'no' to absconding [sic] and pergatising [sic] officer Huizar or Joseph Long in illegal search and seizure intercepted evidence material sustained by District Attorney of California 'Benjamin K. Titel in misconduct jury trial." (Doc. 9 at 5.)

Second, Petitioner fails to state how the state court's resolution of his claims, whatever they may be, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding. Petitioner asks "if the court would consider reviewing [his] entire conviction" for error, but it is not a federal habeas court's role to review a petitioner's trial and determine what claims can be raised. The burden to properly set forth claims for relief is unquestionably on Petitioner. Petitioner will be provided a final opportunity to properly set forth his claims. Petitioner is advised that he must comply with the rules specified above. Failure to do so will result in a recommendation that the action be dismissed.

### III.     ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend;
2) The Clerk of Court is DIRECTED to provide Petitioner with blank § 2254 habeas forms;
3) Petitioner is DIRECTED to file a Second Amended Petition within thirty (30) days of the date of service of this Order. Failure to do so will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:   **June 30, 2023**                         /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE