UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO LIZARRAGA, | ) | Case No.: 1:23-cv-00888-JLT-SKO (HC) |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED PETITION |
| v. | ) ) | [TWENTY-ONE DAY DEADLINE] |
| WARDEN LUNDY, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a federal habeas petition in this Court on May 30, 2023. (Doc. 1.) The Court conducted a preliminary screening of the petition and determined that Petitioner failed to name a proper respondent, failed to present any cognizable grounds for relief, and failed to exhaust state remedies. (Doc. 6.) Petitioner was granted leave to file a First Amended Petition to cure these deficiencies. On June 29, 2023, Petitioner filed a First Amended Petition. (Doc. 9.) Review of the petition revealed that Petitioner again failed to present cognizable grounds for relief. The Court dismissed the petition and granted Petitioner leave to file a Second Amended Petition. On July 24, 2023, Petitioner filed a Second Amended Petition. (Doc. 13.)

## I. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;

  (4) Be printed, typewritten, or legibly handwritten; and
  (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

  The instant petition is deficient.  Petitioner specifies four grounds for relief: 1) Failure by prosecution to disclose favorable evidence; 2) Ineffective assistance of counsel; 3) Unconstitutional search and seizure; and 4) Conviction obtained by use of evidence obtained from an unlawful arrest. Although Petitioner has specified his grounds for relief, the claims are entirely conclusory.

  First, Petitioner claims the prosecutor failed to disclose evidence favorable to the defense.  Due process requires that the prosecution disclose exculpatory evidence within its possession. Brady v. Maryland, 373 U.S. 83, 87 (1963); Cooper v. Brown, 510 F.3d 870, 924 (9th Cir. 2007). There are three components of a Brady violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999); see also Banks v. Dretke, 540 U.S. 668, 691 (2004); Silva v. Brown, 416 F.3d 980, 985 (9th Cir. 2005).  Petitioner states that investigator Daniel Stevenson created a report in which he noted that the victim denied Petitioner's involvement and denied recollection.  Petitioner contends that the investigator was not called to testify concerning the report.  There is no indication that the prosecution failed to disclose the report to the defense.  Petitioner has also failed to submit the report so his contention that the report was exculpatory is unsupported and conclusory.

  As he did previously, Petitioner claims his counsel provided ineffective assistance. He again fails to state any reasons in support of his claim.  He does not state how counsel was ineffective, or how he was prejudiced from counsel's actions or inactions.

  Petitioner claims certain evidence was illegally gained through search and seizure.  Apparently, this evidence consisted of testimony from a witness who was interrogated in an "uncompliant manner."  He provides no specifics on this testimony, such as the identity of the witness, the reason why Petitioner believes the testimony was objectionable, or how he was prejudiced.

  Finally, he claims an officer committed misconduct because he "purged [Petitioner's] name into evidence seeing the witnessed interrogated was only heard answering yes and no throughout the entire recording."  (Doc. 13 at 5.)  Again, the claim does not make sense.

Petitioner also fails to state how the state court's resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner has had three opportunities to present cognizable claims, but has failed to do so. Petitioner was forewarned that failure to state a claim would result in a recommendation that the action be dismissed. The Court finds that providing an additional opportunity would be futile.

## II.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Second Amended Petition be DISMISSED and the action be TERMINATED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 8, 2023**                                     /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE